AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

X FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 12 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ______ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Nevada

Thomas Finn
*Plaintiff*
v.
Boulder City, City Of, et al.,
*Defendant*

Civil Action No. 2:14-cv-01835-JAD-GWF

**MC-21-00043-PHX**

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 03/20/2021 .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 08/30/2021

*CLERK OF COURT*

DARCI REICH-SMITH

*Signature of Clerk or Deputy Clerk*

COURT FOR THE DISTRICT OF NEVADA • UNITED STATES DISTRICT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Thomas W. Finn,

Plaintiff

v.

City of Boulder City, a political subdivision of the State of Nevada, et. al,

Defendants

Case No.: 2:14-cv-01835-JAD-GWF

**Order Granting Motion for Judgment on Taxed Costs**

[ECF No. 165]

Former Boulder City Chief of Police Thomas Finn brought this lawsuit against the City of Boulder City, its former City Attorney and Mayor, and several former and current City Council members for religious discrimination, retaliation, tortious discharge, breach of implied contract, violations of the Family Medical Leave Act, and violations of Nevada's Peace Officers' Bill of Rights after his 2013 termination.[1] The case ended in summary judgment for the defendants, and the Clerk of Court taxed costs of $27,352.97 against the plaintiff.[2] An unsuccessful appeal added another $129.30 in taxed costs to that tally.[3] Defendant Boulder City now moves this court to convert those costs into a judgment in its favor,[4] and the plaintiff opposes the request, arguing that it was untimely filed.[5] Because the Federal Rules of Civil Procedure authorize this relief, I grant the motion.

I hereby attest and certify on 8-30-21 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By [signature] Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

---

[1] ECF No. 26.

[2] ECF No. 157.

[3] ECF No. 161 (Ninth Circuit mem dispo).

[4] ECF No. 165.

[5] ECF No. 166.

It appears that the absence of a judgment reflecting the cost award in this case was merely an oversight. Judgment for the defendants and with no monetary award was entered in January 2018.[6] Boulder City timely filed its bill of costs, and costs were taxed on March 15, 2018.[7] Although Rule 58(b)(1)(B) of the Federal Rules of Civil Procedure states that "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court awards only costs or a sum certain," and the clerk's memorandum regarding taxation of costs states that "[c]osts are taxed in the amount of $27,352.97 and are included in the judgment,"[8] no judgment reflecting that award was entered. Thus, a judgment reflecting this court's cost award—plus those costs awarded by the Ninth Circuit after plaintiff's unsuccessful appeal—is warranted.

Plaintiff's argument that this request for judgment is untimely is unsupported by any authority. He argues that "Defendants' [sic] had until May 19, 2019[,] to request that the Judgment be entered" and that their failure to make such a request by that deadline was a "procedural failure."[9] It appears that this date is 30 days after I entered the Order on Mandate,[10] but plaintiff does not identify any rule barring the City from seeking a judgment reflecting the cost awards after 30 days.[11] So plaintiff has not established that this request is untimely and that it must be denied on that basis.

---

[6] ECF No. 138.

[7] ECF Nos. 157, 158.

[8] ECF No. 158 at 4.

[9] ECF No. 166 at 2.

[10] ECF No. 164.

[11] *See* ECF No. 166.

IT IS THEREFORE ORDERED that Defendant's Motion for Entry of Clerk's Judgment on Taxed Costs Pursuant to Fed. R. Civ. Pro. 58 **[ECF No. 165] is GRANTED.**

The Clerk of Court is directed to ENTER JUDGMENT in favor of the Defendant City of Boulder City and against the plaintiff in the amount of total taxed costs **of $27,482.27.**

Dated: March 24, 2021

U.S. District Judge Jennifer A. Dorsey

MICHAEL M. EDWARDS
Nevada Bar No. 6281
NICK L. HAMILTON
Nevada Bar No. 10893
**MESSNER REEVES LLP**
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
Email: medwards@messner.com
Email: nhamilton@messner.com
*Attorneys for Defendants*
*CITY OF BOULDER CITY*

UNITED STATED DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS FINN,, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOULDER CITY, et al.,<br><br>Defendants | Case No.: 2:14-cv-01835-JAD-GWF<br><br>**NOTICE OF ENTRY FOR ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF CLERK'S JUDGMENT ON TAXED COSTS PURSUANT TO FED. R. CIV. PRO. 58** |

PLEASE TAKE NOTICE that on the 24th day of March, 2021, the Order Granting Defendant's Motion For Entry Of Clerk's Judgment On Taxed Costs Pursuant To Fed. R. Civ. Pro. 58 was entered on the Court's docket.

/ / /

/ / /

/ / /

I hereby attest and certify on 8-30-21
that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By [signature] Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

A copy of said Order is attached hereto and incorporated herein.

DATED this 29th day of March, 2021.

MESSNER REEVES, LLP

By /s/ *Michael M. Edwards*
MICHAEL M. EDWARDS
Nevada Bar No. 6281
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
*Attorneys for Defendant*

CERTIFICATE OF SERVICE
***THOMAS FINN v. CITY OF BOULDER CITY***
**Case No.: 2:14-cv-01835-JAD-GWF**

I certify that I am an employee of Messner Reeves LLP and that on this 29th day of March 2021, I served a true and correct copy of the foregoing **NOTICE OF ENTRY FOR ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF CLERK'S JUDGMENT ON TAXED COSTS PURSUANT TO FED. R. CIV. PRO. 58**to all parties on file:

Thomas W. Finn
2632 Harrisburg Avenue
Henderson, NV 89052
(702) 994-9355
tfinn101@aol.com
*Plaintiff, Pro Se*

[ ] Hand Delivery
[ ] FACSIMILE TRANSMISSION
[X] U.S. MAIL, POSTAGE PREPAID
[X] CM/ECF E-Filing Service System
[X] Email

*/s/ Desja Wilder*
An Employee of Messner Reeves LLP

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas W. Finn,<br>Plaintiff<br>v.<br>City of Boulder City, a political subdivision of the State of Nevada, et. al,<br>Defendants | Case No.: 2:14-cv-01835-JAD-GWF<br>**Order Granting Motion for Judgment on Taxed Costs**<br>[ECF No. 165] |

Former Boulder City Chief of Police Thomas Finn brought this lawsuit against the City of Boulder City, its former City Attorney and Mayor, and several former and current City Council members for religious discrimination, retaliation, tortious discharge, breach of implied contract, violations of the Family Medical Leave Act, and violations of Nevada's Peace Officers' Bill of Rights after his 2013 termination.[1] The case ended in summary judgment for the defendants, and the Clerk of Court taxed costs of $27,352.97 against the plaintiff.[2] An unsuccessful appeal added another $129.30 in taxed costs to that tally.[3] Defendant Boulder City now moves this court to convert those costs into a judgment in its favor,[4] and the plaintiff opposes the request, arguing that it was untimely filed.[5] Because the Federal Rules of Civil Procedure authorize this relief, I grant the motion.

---

[1] ECF No. 26.

[2] ECF No. 157.

[3] ECF No. 161 (Ninth Circuit mem dispo).

[4] ECF No. 165.

[5] ECF No. 166.

It appears that the absence of a judgment reflecting the cost award in this case was merely an oversight. Judgment for the defendants and with no monetary award was entered in January 2018.[6] Boulder City timely filed its bill of costs, and costs were taxed on March 15, 2018.[7] Although Rule 58(b)(1)(B) of the Federal Rules of Civil Procedure states that "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court awards only costs or a sum certain," and the clerk's memorandum regarding taxation of costs states that "[c]osts are taxed in the amount of $27,352.97 and are included in the judgment,"[8] no judgment reflecting that award was entered. Thus, a judgment reflecting this court's cost award—plus those costs awarded by the Ninth Circuit after plaintiff's unsuccessful appeal—is warranted.

Plaintiff's argument that this request for judgment is untimely is unsupported by any authority. He argues that "Defendants' [sic] had until May 19, 2019[,] to request that the Judgment be entered" and that their failure to make such a request by that deadline was a "procedural failure."[9] It appears that this date is 30 days after I entered the Order on Mandate,[10] but plaintiff does not identify any rule barring the City from seeking a judgment reflecting the cost awards after 30 days.[11] So plaintiff has not established that this request is untimely and that it must be denied on that basis.

---

[6] ECF No. 138.

[7] ECF Nos. 157, 158.

[8] ECF No. 158 at 4.

[9] ECF No. 166 at 2.

[10] ECF No. 164.

[11] *See* ECF No. 166.

IT IS THEREFORE ORDERED that Defendant's Motion for Entry of Clerk's Judgment on Taxed Costs Pursuant to Fed. R. Civ. Pro. 58 **[ECF No. 165] is GRANTED.**

The Clerk of Court is directed to ENTER JUDGMENT in favor of the Defendant City of Boulder City and against the plaintiff in the amount of total taxed costs **of $27,482.27.**

Dated: March 24, 2021

U.S. District Judge Jennifer A. Dorsey